IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HERIBERTO MARTINEZ TORRES,<br><br>　　　　Defendant. | No. 1:19-cr-00015-RGE-HCA<br><br>ORDER DENYING MOTION<br>TO INTERVENE AND<br>UNSEAL DOCUMENT |

　　　　Nonparties Clark Entities, LLC, Gartner Transportation, Inc., and Dale E. Laflin move to intervene and unseal a sealed document filed in this matter. Nonparties' Mot. Intervene and Unseal Doc., ECF No. 29. Clark Entities, Gartner Transportation, and Laflin seek access to Defendant Heriberto Martinez Torres's CJA 23 Financial Affidavit for use as "possible evidence" in a civil wrongful-death lawsuit pending in the District Court of Douglas County, Nebraska between them and the Estate of Martinez Torres. *Id.* at 1–2; *see also* Def.'s Sealed CJA Financial Aff'd, ECF No. 10. The Government takes no position on the motion. Gov't's Resp. Nonparties' Mot. Intervene and Unseal Doc., ECF No. 32.

　　　　The Court ordered the Estate to file a statement of its position on the motion. Order Re: Mot. Intervene and Unseal Doc. 2, ECF No. 33. The Estate responded, asserting "there is no common law right to access to a CJA Form 23 Financial Affidavit as it is not a judicial record." Estate's Position Statement 2, ECF No. 35. The Estate further argues its and Martinez Torres's family's "request to maintain the Financial Affidavit sealed outweighs any public/common law right to the information." *Id.* at 3. Clark Entities, Gartner Transportation, and Laflin replied, arguing the Estate fails to "show a sufficient reason [for the Court] to either decline to unseal the financial Affidavit in question or to redact anything from it." Nonparties' Reply Supp. Mot.

Intervene and Unseal Doc. 3, ECF No. 36.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, (1978)). The Court must first determine whether the financial affidavit is a "judicial record." *Id.* at 1222–23. If the financial affidavit is a "judicial record," the Court then analyzes "whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to 'judicial records.'" *Scott v. City of Sioux City*, 96 F. Supp. 3d 898, 904 (N.D. Iowa 2015) (discussing *IDT Corp.*). In doing so, the Court considers the need for public access to the document, the purpose the document was filed in the judicial proceeding, and whether someone objects to the disclosure and that person's identity, among other factors. *See id.* at 906.

At the Court's request, the Estate addresses whether Martinez Torres's financial affidavit is a judicial record. ECF No. 35 at 2; *see also* ECF No. 33 at 1–2 (identifying the first step of its analysis as determining whether the financial affidavit is a judicial record). The Estate argues it is not a judicial record. ECF No. 35 at 2. Clark Entities, Gartner Transportation, and Laflin respond, arguing whether the financial affidavit is a judicial record does not matter. ECF No. 36 at 3.

The Court undertakes the first step of the inquiry as set forth by the Eighth Circuit and determines Martinez Torres's financial affidavit is not a judicial record. The Judicial Conference—the policymaking body for the federal courts—considers CJA 23 Financial Affidavit "an administrative tool used to assist the court in appointing counsel." *Financial Affidavit*, United States Courts, https://www.uscourts.gov/forms/cja-forms/financial-affidavit (last visited on Jan. 23, 2023). The Judicial Conference's policy states "financial affidavits seeking the appointment of counsel should not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access." *Id.* This suggests financial affidavits are not judicial records subject to a common-law right of access. The Court

finds Martinez Torres's financial affidavit is a confidential document used to further his request for attorney services without payment. It is not a judicial record and, therefore, no common-law right of access attaches to the document.

Even if the financial affidavit is a judicial record, the Court finds the "countervailing interests weigh in favor of maintaining th[e] document under seal." *United States v. Blasczak*, No. 18-CR-6107-FPG-MJP, 2021 WL 1292910, at * 4 (WDNY April 7, 2021). The second step of the inquiry is to weigh the interests served by providing access to the financial affidavit against the interests served by maintaining confidentiality. *See Scott*, 96 F. Supp. 3d at 909. In making this determination, the Court considers factors, including:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id.* at 906 (quoting *In re Fort Totten Metrorail Cases,* 960 F.Supp.2d 2, 6 (D.D.C. 2013)). "Any public interest in the information [contained in a CJA 23 Financial Affidavit] is outweighed by [the d]efendant's privacy interest and the Court's need to obtain accurate financial information submitted by criminal defendants in order to evaluate defendants' entitlement to services without payment." *Blasczak*, 2021 WL 1292910 at *4.

In weighing Clark Entities, Gartner Transportation, and Laflin's interest against the Estate's interest, the Court finds Martinez Torres's financial affidavit must be maintained under seal. Besides Clark Entities, Gartner Transportation, and Laflin's purported need for the document as "possible evidence" in a civil wrongful-death lawsuit, there is no need for public access to the financial affidavit. There has been no previous public access to the financial affidavit. The Estate and Martinez Torres's family object to disclosure, and their interest in maintaining the privacy of

the financial affidavit is strong. Clark Entities, Gartner Transportation, and Laflin do not attempt to demonstrate prejudice should the financial affidavit remain sealed and the Court finds there is little risk of prejudice considering the financial affidavit is unlikely the only "possible evidence" of Martinez Torres's financial situation at the time of his death. Finally, the purpose of the CJA 23 Financial Affidavit is to determine the criminal defendant's financial eligibility for appointed counsel—an important role in the federal judiciary. Therefore, Clark Entities, Gartner Transportation, and Laflin's interest in Martinez Torres's financial affidavit is outweighed by the Estate's and Martinez Torres's family's interest in maintaining the document under seal and the Court's need for accurate financial information from criminal defendants. Martinez Torres's financial affidavit remains under seal.

**IT IS ORDERED** that nonparties Clark Entities, LLC, Gartner Transportation, Inc., and Dale E. Laflin's Motion to Intervene and Unseal Document, ECF No. 29, is **DENIED**. Defendant Heriberto Martinez Torres's CJA 23 Financial Affidavit, ECF No. 10, shall remain under seal.

**IT IS SO ORDERED.**

Dated this 26th day of January, 2023.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE